UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

03 CV 12322 RGS

CIVIL ACTION NO.

Staples, Inc.
        Plaintiff(s)

vs.

Quality One Wireless, Inc.   MAGISTRATE JUDGE _____
        Defendant(s)

COMPLAINT

1. The plaintiff, Staples, Inc. is a Delaware corporation duly organized by law, registered to do business in the Commonwealth of Massachusetts and having an usual place of business in Framingham, Middlesex County, Massachusetts.

2. The defendant, Quality One Wireless, Inc. is a Florida corporation duly organized by law having an usual place of business at 7151 Lake Ellenor Drive, Orlando, Florida, 32809.

3. On or about April 7, 2003, the defendant Quality One Wireless, Inc., entered into a Promissory Note with the plaintiff, a copy of which is annexed hereto as Exhibit "A".

4. The said Promissory Note allows for the collection of reasonable attorney's fees and court costs, in the event that the defendant defaulted.

5. Pursuant to Pararaph 14 of the said Promissory Note, annexed hereto as Exhibit "A", the plaintiff alleges that the defendant agreed and consented to the fact that any controversy arising under or in relation to the said Promissory Note shall be instituted and litigated exclusively in the Commonwealth of Massachusetts. The defendant also agreed and consented to the fact that the state and federal courts located within the Commonwealth of Massachusetts shall have exclusive jurisdiction over all controversies which shall arise under or in relation to the said Promissory

Note. The plaintiff also alleges that the defendant voluntarily agreed and irrevocably consented to service, jurisdiction and venue of such courts for any such litigation and waived any other venue to which it might be entitled by virture of domicile, habitual residence or otherwise.

6.  The defendant, Quality One Wireless, Inc., defaulted in payment and owes the plaintiff, the principal amount of two hundred nineteen thousand and 00/100 ($219,000.00) dollars, plus late charges in the amount of nine hundred seventy-five and 00/100 ($975.00) dollars, plus interest from April 7, 2003 through November 17, 2003, in the amount of six thousand, nine hundred sixty and 70/100 ($6,960.70) dollars, leaving a balance due and owing to the plaintiff in the total amount of two hundred twenty-six thousand, nine hundred thirty-five and 70/100 ($226,935.70) dollars, together with reasonable attorney's fees, court costs and interest thereon from November 18, 2003, on or before which date demand for payment was duly made in accordance with Exhibit "B", annexed hereto and made a part hereof.

WHEREFORE, the plaintiff demands judgment for the total amount of two hundred twenty-six thousand, nine hundred thirty-five and 70/100 ($226,935.70) dollars, attorney's fees, interest from November 18, 2003 and costs.

By its attorneys,

_____
Henry N. Goldberg
ARNOWITZ & GOLDBERG
1208 V.F.W. Parkway, Suite 203
Boston, MA 02132
(617) 323-3900
BBO #197520

## PROMISSORY NOTE

$232,000.00

April 7, 2003
Orlando, Florida

FOR VALUE RECEIVED, the undersigned, QUALITY ONE WIRELESS, INC., a Florida corporation having a place of business at 7151 Lake Ellenor Drive, Orlando, Florida 32809 (the "Payor"), hereby promises to pay to the order of STAPLES, INC., a Delaware corporation having a place of business at 500 Staples Drive, Framingham, Massachusetts 01702, or any subsequent holder of this Note (the "Payee"), the principal sum of Two Hundred Thirty-Two Thousand and 00/100 Dollars ($232,000.00) in lawful money of the United States of America.

As specified in the attached Payment Schedule, which is hereby incorporated by reference as if fully set forth herein, the principal indebtedness evidenced by this Note shall be paid in the following installments:

- an initial installment of $13,000.00 on or before April 15, 2003;

- consecutive monthly installments of $6,500.00 beginning on or before May 15, 2003 and continuing on or before the fifteenth day of each month thereafter; and

- additional installments of $50,000.00 on or before September 15, 2003 and April 15, 2004, respectively.

If the date set for any of the foregoing principal payments is a Saturday, Sunday, or legal holiday, then such payment shall be made on or before the next preceding business day. All remaining principal shall be due and payable on October 15, 2004, or on any earlier date on which the unpaid principal balance of this Note becomes due and payable, by acceleration or otherwise (the "Maturity Date"). The unpaid principal balance shall bear interest after the Maturity Date at the Default Rate set forth in this Note until and including the date on which it is paid in full.

This Note is subject to the following further terms and conditions:

1. **Authority**. The Payor represents and warrants that it has full right, authority, and financing to make this Note and to perform as required under this Note, and that this Note does not conflict with any other agreement to which the Payor is bound.

2. **Method of Payment**. Unless otherwise notified in writing by the Payee, the Payor shall make all payments due under this Note by certified or bank cashier's check, payable to "Staples, Inc.", and shall send all such payments, via a reputable courier service guaranteeing delivery within one business day, to the Payee at the following address: Staples, Inc., 500 Staples Drive, Framingham, MA 01702, Attention: James Emond, Product Manager--Wireless.



3.  <u>Late Charge</u>. If any installment due under this Note or any other amount payable hereunder is not received by the Payee within ten days after the date such amount is due, counting from and including the date such amount is due, the Payor shall pay to the Payee, immediately and without demand by the Payee, a late charge equal to five percent of such installment or other amount due. The Payor acknowledges that its failure to make timely payments will cause the Payee to incur additional expenses in servicing and processing the indebtedness evidenced by this Note, and that it is extremely difficult and impractical to determine those additional expenses. The Payor agrees that the late charge payable pursuant to this provision represents a fair and reasonable estimate, taking into account all circumstances existing on the date of this Note, of the additional expenses the Payee will incur by reason of such late payment. This provision is not intended to provide a grace period for any payment otherwise due and payable under this Note and shall not constitute a waiver by the Payee of its right to declare an Event of Default (as defined below) for any payment not made when it was due and payable. Furthermore, the late charge is payable in addition to, and not in lieu of, any interest payable at the Default Rate pursuant to Paragraph 4, below.

4.  <u>Default Rate</u>. If the unpaid principal balance of this Note is not paid in full on the Maturity Date, the unpaid principal balance shall bear interest from the Maturity Date at the annual rate of ten percent (the "Default Rate"). Interest at the Default Rate shall be computed on the basis of a 365-day year. The Payor acknowledges that its failure to make timely payments will cause the Payee to incur additional expenses in servicing and processing the indebtedness; that, to the extent the unpaid principal balance remains outstanding after the Maturity Date, the Payee will incur additional costs and expenses arising from its loss of the use of the money due and from the adverse impact on the Payee's ability to meet its other obligations and to take advantage of other investment opportunities; and that it is extremely difficult and impractical to determine those additional costs and expenses. The Payor also acknowledges that, to the extent the unpaid principal balance remains outstanding after the Maturity Date, the Payee's risk of nonpayment of this Note will be materially increased and the Payee is entitled to be compensated for such increased risk. The Payor agrees that the Default Rate represents a fair and reasonable estimate, taking into account all circumstances existing on the date of this Note, of the additional costs and expenses the Payee will incur by reason of the Payor's late payment and the additional compensation the Payee is entitled to receive for the resulting increased risk of nonpayment. This provision is not intended to provide a grace period for any payment otherwise due and payable under this Note and shall not constitute a waiver by the Payee of its right to declare an Event of Default (as defined below) for any payment not made when it was due and payable.

5.  <u>Event of Default</u>. The occurrence and continuance of any one or more of the following events is herein referred to as an Event of Default:

(a) If the Payor shall fail to pay any installment of principal or any other amount payable under this Note when such installment or other amount becomes due; or

(b) If the Payor shall fail to provide the Payee with a copy of its externally audited financial statements, including the certification of the auditor, for the immediately preceding fiscal quarter or fiscal year, within thirty (30) days after the Payor's receipt of the Payee's request therefor; or

(c) If the Payor shall make an assignment for the benefit of creditors, or shall admit in writing its inability to pay its debts as they become due, or shall file a voluntary

- 2 -



petition in bankruptcy, or shall have an order for relief under the Bankruptcy Code granted against it, or shall be adjudicated a bankrupt or insolvent, or shall file any petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any present or future statute, law, or regulation, or shall file any answer admitting or not contesting the material allegations of a petition filed against the Payor in any such proceeding, or shall seek or consent to or acquiesce in the appointment of any trustee, custodian, receiver, or liquidator of the Payor or of all or any substantial part of the properties of the Payor, or the Payor or its directors shall take any action looking to the dissolution or liquidation of the Payor; or

(d) If, within thirty days after the commencement of any proceeding against the Payor seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any present or future statute, law, or regulation, such proceeding shall not have been dismissed, or if, within thirty days after the appointment, without the consent or acquiescence of the Payor, of any trustee, custodian, receiver, or liquidator of the Payor or of all or any substantial part of the properties of the Payor, such appointment shall not have been vacated.

6. *Acceleration*. Upon the occurrence and during the continuance of an Event of Default, the entire unpaid principal balance and all other amounts due under this Note shall at once become due and payable, at the option of the Payee, without presentment, demand, protest, notice of protest, or any prior notice to the Payor – all of which are hereby expressly waived. The Payee may exercise this option to accelerate regardless of any prior forbearance.

7. *Costs and Expenses*. Upon the occurrence of an Event of Default, the Payee shall have the right to institute any action at law, suit in equity, or other appropriate proceeding for the purposes of collecting the unpaid principal balance and any other amounts due and payable under this Note and/or otherwise protecting the Payee's rights hereunder. The Payor agrees to pay on demand all expenses and costs – including, without limitation, court costs and attorneys' fees – incurred by the Payee in connection with the enforcement of this Note.

8. *Prepayment of Note*. The Payor may, at its option, prepay the obligations under this Note in whole or in part at any time or from time to time without penalty or premium. Any prepayment of less than the entire unpaid principal balance of this Note shall not extend or postpone the due date of any subsequent installments or change the amount of such installments, unless the Payee agrees otherwise in writing.

9. *Forbearance*. Any forbearance by the Payee in exercising any right or remedy under this Note or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of that or any other right or remedy. The acceptance by the Payee of any payment after the due date of such payment, or in an amount which is less than the required payment, shall not be a waiver of the Payee's right to require prompt payment when due of all other payments or to exercise any right or remedy with respect to any failure to make prompt payment. The rights and remedies of the Payee under this Note are cumulative and do not exclude any other rights or remedies the Payee may otherwise have.



10. <u>Notices</u>. All notices, requests, demands, and other communications hereunder shall be in writing. Any notice, request, demand, or other communication hereunder shall be deemed duly delivered one business day after it is sent by (a) a reputable courier service guaranteeing delivery within one business day or (b) telecopy, provided that electronic confirmation of successful transmission is received by the sending party and a confirmation copy is sent on the same day as the telecopy transmission by reputable courier service guaranteeing delivery within one business day or by certified mail, return receipt requested, in each case to the intended recipient as set forth below:

If to the Payor:	Quality One Wireless, Inc.
7151 Lake Ellenor Drive
Orlando, FL 32809
Attention: John S. Chiorando, CEO/President
Telecopy: 407/240-8559

If to the Payee:	Staples, Inc.
500 Staples Drive
Framingham, MA 01702
Attention: James Emond, Product Manager--Wireless
Telecopy: 508/253-7373

Either the Payor or the Payee may change the address to which notices, requests, demands, and other communications hereunder are to be delivered by giving the other party notice in the manner set forth herein.

11. <u>Successors and Assigns</u>. This Note shall be binding upon the Payor and its successors and assigns and shall inure to the benefit of the Payee and its successors and assigns; provided, however, that the Payor may not transfer or assign any of its rights or obligations hereunder without the prior written consent of the Payee.

12. <u>Headings</u>. The headings contained in this Note are for reference purposes only and shall not affect in any way the meaning or interpretation of the provisions hereof.

13. <u>Governing Law</u>. This Note shall take effect as a sealed instrument and shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts without giving effect to any choice or conflict of law principle (whether of the Commonwealth of Massachusetts or any other jurisdiction) that would cause the application of laws of any jurisdiction other than those of the Commonwealth of Massachusetts.

14. <u>Consent to Jurisdiction and Venue</u>. The Payor agrees that any controversy arising under or in relation to this Note shall be instituted and litigated exclusively in the Commonwealth of Massachusetts. The state and federal courts located within the Commonwealth of Massachusetts shall have exclusive jurisdiction over all controversies which shall arise under or in relation to this Note. The Payor voluntarily and irrevocably consents to service, jurisdiction, and venue of such courts for any such litigation and waives any other venue to which it might be entitled by virtue of domicile, habitual residence, or otherwise.

- 4 -



15. <u>WAIVER OF TRIAL BY JURY</u>. The Payor (a) agrees not to elect a trial by jury with respect to any issue arising out of this Note that is triable of right by a jury and (b) waives any right to trial by jury with respect to such issue to the extent that any such right exists now or in the future. This waiver of right to trial by jury is given by the Payor knowingly and voluntarily with the benefit of competent legal counsel.

IN WITNESS WHEREOF, the Payor has caused this Note to be executed under seal and delivered by its duly authorized representative on the date first above written.

Witness                                      QUALITY ONE WIRELESS, INC.

_ERIC BUNN_____        By: _____
Name:                                        Name: John S. Chiorando
                                             Title: CEO/President

Attachment to $232,000.00 Promissory Note of Quality One Wireless, Inc.

## PAYMENT SCHEDULE

| DUE DATE OF PRINCIPAL INSTALLMENT | AMOUNT OF PRINCIPAL INSTALLMENT | UNPAID PRINCIPAL BALANCE |
|---|---|---|
| April 15, 2003 | $13,000.00 | $219,000.00 |
| May 15, 2003 | $6,500.00 | $212,500.00 |
| June 15, 2003 | $6,500.00 | $206,000.00 |
| July 15, 2003 | $6,500.00 | $199,500.00 |
| August 15, 2003 | $6,500.00 | $193,000.00 |
| September 15, 2003 | $6,500.00 | $186,500.00 |
| September 15, 2003 | $50,000.00 | $136,500.00 |
| October 15, 2003 | $6,500.00 | $130,000.00 |
| November 15, 2003 | $6,500.00 | $123,500.00 |
| December 15, 2003 | $6,500.00 | $117,000.00 |
| January 15, 2004 | $6,500.00 | $110,500.00 |
| February 15, 2004 | $6,500.00 | $104,000.00 |
| March 15, 2004 | $6,500.00 | $97,500.00 |
| April 15, 2004 | $6,500.00 | $91,000.00 |
| April 15, 2004 | $50,000.00 | $41,000.00 |
| May 15, 2004 | $6,500.00 | $34,500.00 |
| June 15, 2004 | $6,500.00 | $28,000.00 |
| July 15, 2004 | $6,500.00 | $21,500.00 |
| August 15, 2004 | $6,500.00 | $15,000.00 |
| September 15, 2004 | $6,500.00 | $8,500.00 |
| October 15, 2004 | $8,500.00 | -0- |

<u>EXHIBIT "B"</u>

BALANCE DUE ON A PROMISSORY NOTE, PLUS INTEREST FROM NOVEMBER 19, 2003:

| | |
|---|---|
| PRINCIPAL AMOUNT OWED: | $219,000.00 |
| LATE CHARGES: | $    975.00 |
| INTEREST FROM 4/7/03 THROUGH 11/17/03: | <u>$  6,960.70</u> |
| TOTAL AMOUNT DUE: | $226,935.70 |

PLAINTIFF'S VERIFIED AFFIDAVIT PURSUANT
TO MASSACHUSETTS GENERAL LAWS, CHAPTER 231, SECTION 13B
Staples, Inc. v. Quality One Wireless, Inc.

I, James Emond, Product Manager–Wireless of the Plaintiff, Staples, Inc., having personal knowledge of the facts in the above-captioned case, and based upon the books and records of the Plaintiff, kept in the ordinary course of business, do hereby state that the total amount due the Plaintiff, Staples, Inc., is $226,935.70, plus interest from November 18, 2003, for:

| | | | | | |
|---|---|---|---|---|---|
| ☐ | A. | Goods Sold & Delivered | ☐ | B. | Services Rendered |
| ☐ | C. | Money Lent | ☑ | D. | Other (Please Specify) |

<u>Unpaid principal balance and other amounts due and payable under a Promissory Note dated April 7, 2003</u>

according to the account annexed to the Plaintiff's Complaint.

A Statement of principal and interest is set forth as follows:

| | |
|---|---|
| Principal | $219,000.00 |
| Late Charges | $     975.00 |
| Accrued Interest | $  6,960.70 |
| TOTAL PRINCIPAL, LATE CHARGES, AND INTEREST AS OF NOVEMBER 18, 2003 | $226,935.70 |

_____
(Signature)

_PRODUCT MANAGER-WIRELESS_
(Title)

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                                                                                                November 18, 2003

Then personally appeared before me the above-named James Emond, who is the Product Manager–Wireless of Staples, Inc., and swore that the above statements are true.

_Nicole M Everett_
Notary Public:_____(print)
My Commission Expires:_____

Seal:
2003-2071A

Nicole M. Everett
Notary Public
Commonwealth of Massachusetts
My Commission Expires June 19, 2009